# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRY A. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01085-NAB |
| | ) | |
| GKN AEROSPACE NORTH AMERICA, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Terry A. Webb for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 6). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant GKN Aerospace/Mel-Rose LLC.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who filed a civil action against defendant GKN Aerospace/Mel-Rose LLC on August 27, 2021. (Docket No. 1). The complaint was typewritten but not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff also neglected to either file a motion for leave to proceed in forma pauperis or pay the filing fee.

Plaintiff's complaint contained accusations of employment discrimination, and included a right to sue letter from the Equal Employment Opportunity Commission (EEOC).

On September 7, 2021, the Court directed plaintiff to file an amended complaint on a Court form. (Docket No. 3). He was also ordered to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Plaintiff was sent a copy of the Court's employment discrimination form and a copy of the Court's motion for leave to proceed in forma pauperis form, in order to aid him. He was given thirty days in which to comply.

On September 13, 2021, plaintiff submitted thirty-four separate exhibits to the Court. (Docket No. 4). The exhibits included screenshots of text messages, emails, handwritten notes, and disciplinary action forms.

On October 5, 2021, plaintiff filed an amended complaint on a Court-provided employment discrimination form. (Docket No. 5). He also filed a motion for leave to proceed in forma pauperis. (Docket No. 6).

**The Amended Complaint**

Plaintiff's amended complaint names GKN Aerospace North America/Melrose LLC as defendant. He brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA). (Docket No. 5 at 1). Plaintiff also asserts that defendant retaliated against him for "filing with [the] labor board." (Docket No. 5 at 2). Generally, he states that he was terminated from his employment, that defendant failed to accommodate his disability, that he had different terms and conditions of employment from those of similar employees, that he was retaliated against, and that he was harassed. (Docket No. 5 at 4).

With regard to his Title VII claim, plaintiff alleges that he was sexually harassed by a superior, who sent him inappropriate texts and made inappropriate comments of a sexual nature.

3

(Docket No. 5 at 5-6). Plaintiff further states that he complained about this purported harassment to other superiors and to human resources. During the time while he was being harassed, plaintiff contends that he was given written reprimands for no reason. (Docket No. 5 at 6). When he complained about the writeups, he states that one of his superiors demanded his phone to see proof of the sexual harassment claims. After plaintiff refused, he purportedly suffered further harassment, and the disciplinary writeups were not removed.

As to the ADA, plaintiff states that he was transferred to another area of employment, with a new boss. According to plaintiff, he was then required to work with materials to which he was allergic. He states that he has paperwork from his doctors documenting these allergies, and providing that he should not be working with such materials. Nevertheless, even after he took thirty days off work to allow a rash to clear up, he was ordered back to the same areas when he returned. (Docket No. 5 at 7). Upon telling his boss that he could not work in certain areas, plaintiff was written up for insubordination, even though other employees were accommodated. (Docket No. 5 at 7, 14). He further alleges that he was charged attendance points for leaving work to participate in medical appointments. (Docket No. 5 at 7). Ultimately, plaintiff was fired for attendance issues.

As a result of these incidents, plaintiff seeks two years of backpay, and to either get his old job back, or to receive damages equivalent to twenty years of employment, along with medical coverage. (Docket No. 5 at 9).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action against defendant GKN Aerospace North America/Melrose LLC, alleging employment discrimination under Title VII and the ADA. Because plaintiff is proceeding in forma pauperis, the Court reviewed his amended

4

complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant.

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Meanwhile, "[t]he ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003).

Under both Title VII and the ADA, a plaintiff must first exhaust his or her administrative remedies before filing suit in federal court. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (stating that in order to assert ADA claim, plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative

remedies"). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

Here, with regard to Title VII, plaintiff states that he was discriminated at work on the basis of sex. Specifically, he alleges that a female superior sent him inappropriate text messages and made inappropriate comments to him. Plaintiff further alleges that he made complaints, and that following these complaints, he began to receive frivolous disciplinary writeups. As to the ADA, plaintiff contends that he has a medically-documented physical limitation in that he is allergic to certain materials at his job. He asserts that instead of accommodating him by allowing him to work in other areas – as happened with similarly-situated employees – he was fired for lack of attendance. Concerning exhaustion, plaintiff states that he filed a charge of discrimination with the EEOC, and that he received a right to sue letter.

The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). The Court also notes that in evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). For these reasons, the Court will direct the Clerk of Court to issue process or cause process to issue on defendant GKN Aerospace North America/Melrose LLC.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant GKN Aerospace North America/Melrose LLC, 142 James S. McDonnell Blvd., Hazelwood, MO 63042.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of October, 2021.