UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY A. WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21 CV 1085 CDP |
| ) | |
| GKN AEROSPACE NORTH ) | |
| AMERICA/MELROSE, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Terry A. Webb brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, claiming that defendant GKN Aerospace North America/Melrose, LLC failed to accommodate his disability and subjected him to sexual harassment, retaliation, and unlawful termination. Defendant GKN has moved to dismiss the complaint or, alternatively, for more definite statement. Webb seeks additional time to respond to the motion. He also requests that counsel be appointed to assist him with his claims. Because Webb has demonstrated an adequate ability to present his claims to this Court, I will deny his motion for appointment of counsel without prejudice. I will grant him fourteen (14) additional days to respond to GKN's motion.

In deciding whether to appoint counsel for an indigent plaintiff, I should

consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

The facts of this case are not complex. Webb alleges that he was sexually harassed by a superior, who sent him inappropriate texts and made inappropriate comments of a sexual nature. When he complained of the harassment to other superiors and to human resources, he was given written reprimands and was subjected to additional harassment. He also alleges that he was forced to work with materials that he was allergic to despite his allergies being medically documented, and that he was written up for informing his boss of his inability to work with such materials. He also claims that he was terminated from his employment for attendance issues relating to his medical appointments.

A reading of the amended complaint shows that Webb is able to investigate crucial facts. He has adequately identified the circumstances giving rise to his claims, the bases upon which he contends he is entitled to relief, and the individuals involved in the alleged conduct. With respect to the existence of conflicting testimony, I note that this case is in its preliminary stages. Whether and to what extent conflicting testimony exists with respect to the substance of Webb's claims will be evident upon further proceedings in the case. Finally, Webb's claim

of unlawful discrimination in his employment does not involve a complex issue of law meriting the appointment of counsel at this time.

Because the factual nature of this case is not complex and Webb has provided the Court with details giving rise to his claims, I find that he is able to adequately present his claims to the Court at this time.  Moreover, by his filings, Webb has demonstrated an understanding of procedure and his ability to present his legal theories.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Terry A. Webb's motion for additional time to respond to defendant's motion to dismiss [26], wherein Webb also seeks the appointment of counsel, is **GRANTED** to the extent Webb seeks additional time to file his response to defendant's motion, and **DENIED without prejudice** to the extent Webb seeks the appointment of counsel.

**IT IS FURTHER ORDERED** that plaintiff Terry A. Webb shall have to and including **February 16, 2022**, by which to file his response to defendant's Motion to Dismiss or, in the Alternative, for More Definite Statement.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2022.