UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY A. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 CV 1085 CDP |
| | ) | |
| GKN AEROSPACE NORTH | ) | |
| AMERICA/MELROSE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Terry A. Webb brings this employment discrimination action claiming that defendant GKN Aerospace North America/Melrose, LLC failed to accommodate his disability and subjected him to sexual harassment, retaliation, and unlawful termination.  Defendant GKN has moved to dismiss the complaint or, alternatively, for more definite statement.  For the reasons that follow, I will grant defendant's motion for more definite statement and order Webb to file a second amended complaint within twenty-one days.  I will deny defendant's motion to dismiss without prejudice.

### Background

Webb is a self-represented litigant who initiated this action in this Court on

August 27, 2021.[1]  His original complaint did not contain a caption or a title
identifying the parties, but "GKN Aerospace/Mel-Rose LLC" is identified in the
body of the complaint as the defendant and was, presumably, Webb's employer.
The statement of the claim consisted of one long paragraph that contained several
facts giving rise to several claims.  The complaint asserted federal subject-matter
jurisdiction through 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and
§ 1332 (diversity).

In the complaint, Webb alleged that he was sexually harassed at work by a
superior who sent him inappropriate texts and made inappropriate comments of a
sexual nature.  When he was later written up for frivolous matters, he thought it
was in retaliation for his ignoring these sexual advances.  When he complained of
the harassment to other superiors and to human resources, he was given written
reprimands and was subjected to additional harassment.  He asserted in the
complaint that he filed a "complaint of harassment" with the Equal Employment
Opportunity Commission (EEOC).

Webb also asserted in this complaint that he was forced to work with
materials that he was allergic to despite his allergies being documented and there
being written medical restrictions in place.  He was disciplined for refusing to
work in that environment and for complaining to his boss that he could not work

---

[1] The signature block on this original complaint is dated August 24, 2021.  The docket sheet
contains a Clerk's Remark, however, noting that the filing date of August 27 "reflects when . . .
plaintiff's complaint [was] received in the Clerk's Office Self-Representing Litigants email box."

with such materials.  Finally, Webb alleged that when he returned from leave taken under the Family Medical Leave Act (FMLA), he was harassed for taking such leave and was ultimately terminated on November 20, 2019, for attendance issues despite not having exhausted the leave he was granted.

In his original complaint, Webb sought $250,000 in back pay, $2 million in front pay, and restoration of his pension and 401K.  Webb attached to the complaint an EEOC Notice of Right to Sue letter dated May 24, 2021, which referenced EEOC Charge No. 440-2021-02818.  The Notice indicated Webb's mailing address as "P.O. Box 36, Smithton, IL  62285."  (ECF 1-1.)  No EEOC Charge of Discrimination was attached to the complaint.  Nor was a filing fee or motion to proceed without prepayment of costs submitted with the complaint. Webb signed the complaint, but he did not include his address, email address, or telephone number.  The docket sheet listed Webb's address as the "P.O. Box 36" address that was indicated on the Notice of Right to Sue.

On September 7, 2021, the Court entered a Memorandum and Order (ECF 3) giving Webb thirty days to pay the filing fee or file a motion for leave to proceed in forma pauperis.  The Court also directed Webb to file an amended complaint on a Court-provided employment discrimination form with instruction to complete the form in its entirety and follow the directions contained therein.  The Court also instructed that Webb should attach a copy of his EEOC Charge of Discrimination

and a copy of his Notice of Right to Sue letter.  The Clerk of Court mailed the Memorandum and Order, a blank "Employment Discrimination Complaint" form, and a blank "Application to Proceed Without Prepaying Fees or Costs" form to Webb at the "P.O. Box 36" address.

On October 5, 2021, Webb filed an amended "Employment Discrimination Complaint" and a motion to proceed without prepayment of costs on the forms provided.  In the caption of the amended complaint, Webb named "GKN Aerospace North America Melrose LLC" as defendant.  He checked off boxes in the complaint indicating that he was bringing claims under Title VII of the Civil Rights Act of 1964 (Title VII), as amended; and the Americans with Disabilities Act (ADA), as amended.  He also checked "Other" and stated:  "I am filing on Retaliation to me filing with Labor Board, sexual harassment.  I began getting wrote up so I reported it to HR to be sure it wasn't [for] not engaging in sexual relations.  Forced to work in area I had restrictions from the Dr's.  Terminated for attendance [and] wasn't above the threshold."  (ECF 5 at header p. 2.)  Although asked in the form complaint, Webb did not provide the date or time period of the alleged discrimination.  In addition, Webb indicated that he filed an EEOC Charge of Discrimination, but he did not include the date he filed it (*id.* at header p. 3) or attach it to the amended complaint.  Regarding the nature of the case, Webb checked the following as providing the bases for his claims:  termination of his

employment, failure to accommodate his disability, terms and conditions of his employment differed from those of similar employees, retaliation, harassment, and "other conduct" that he described as sexual harassment, retaliation for filing with the Labor Board, and discrimination based on disability. (*Id.* at header p. 4.) He checked boxes indicating that he believed he was discriminated against because of his disability and for "other," which he stated was his use of leave under the FMLA. His statement of claim restated and elaborated upon the facts asserted in his original complaint. As relief, Webb sought back pay for two years, front pay or reinstatement, and return of pension monies. In the amended complaint, he listed his address as "P.O. Box 35, Smithton, St. Clair, IL 62285." (*Id.* at header p. 2.)

Webb attached to the amended complaint an undated letter from the EEOC acknowledging his seeking information on job discrimination. Webb also attached two copies of the same undated EEOC Pre-Charge Inquiry in which he claimed he was discriminated against in July 2019 on the basis of his disability and in retaliation for complaining about sexual harassment. One copy has a handwritten notation at the top of the first page: "Copy for File 11/04/19." (*See* ECF 5 at header p. 16.) At the bottom of each page of the Pre-Charge Inquiry form is a preprinted notice: "THIS PRE-CHARGE INQUIRY IS NOT A CHARGE OF DISCRIMINATION." (*Id.* at header pp. 12-19.) Webb also attached to the amended complaint the first page of a three-page "Determination Letter" dated

October 18, 2019, indicating approval of intermittent leave under the FMLA from May 29, 2019, through November 29, 2019.  The sender of this letter is unknown. (*Id.* at header p. 20.)  No EEOC Charge of Discrimination or Notice of Right to Sue letter is attached to the amended complaint.

In a Memorandum and Order dated October 15, 2021, the Court granted Webb leave to proceed in this action without prepayment of costs and directed the Clerk to issue process to defendant based on the amended complaint's factual allegations.  (ECF 7.)  The Clerk mailed the Memorandum and Order to Webb at the "P.O. Box 36" address.

### Defendant's Motion to Dismiss / More Definite Statement

Defendant raises several arguments in moving to dismiss Webb's amended complaint:  1) that Webb failed to exhaust administrative remedies by failing to timely file an EEOC Charge of Discrimination; 2) that he untimely filed this cause of action; 3) that he named two entities as a single defendant, neither of which employed him[2]; and 4) that the facts alleged do not state a claim upon which relief can be granted.  Alternatively, defendant moves for a more definite statement, arguing that Webb's failure to include relevant dates for the alleged actions, failure to include his Charge of Discrimination, failure to identify when he received the Notice of Right to Sue, and stream-of-consciousness method of setting out his claims render it difficult to discern whether his allegations of discrimination are

---

[2] Defendant avers that its proper identity is "GKN Aerospace St. Louis, LLC."

- 6 -

exhausted and properly before this Court, timely, or properly pleaded.

In response, Webb admits confusion about the proper identity of the defendant, stating that he merely took the name from his paycheck.  He also avers that the Notice of Right to Sue indicates a wrong address for him and that he was informed by an EEOC representative that Notices were not mailed during the Covid pandemic unless requested.  He also avers that he has two charge numbers for his EEOC Charges of Discrimination and that he has requested but has not yet received copies of the Charges from the EEOC.  Finally, his response includes specific dates on which he alleges the specific conduct giving rise to his claims occurred.  Attached to his response are copies of handwritten and typed notes, emails, screenshots of text messages, letters addressing his FMLA leave, medical records, and discipline action forms.  In its reply brief, defendant argues that Webb's newly asserted timeline, extraneous facts, and documents cannot be considered on a motion to dismiss, and that they nevertheless fail to cure the deficiencies in the amended complaint.

## Discussion

Timely filing a Charge of Discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII and the ADA.  *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's

enforcement procedures).  *See also Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843,

1846, 1850-51 (2019) (filing a charge with the EEOC, while not jurisdictional, is a

precondition that must be met before bringing Title VII suit).  In Missouri, a

complainant must file a Charge of Discrimination with the EEOC within 300 days

after the alleged unlawful employment practice occurred.  *Niekamp v. Missouri*,

No. 20-4075-CV-C-WJE, 2020 WL 5350293, at *3 (W.D. Mo. Sept. 4, 2020).

"The purpose of filing a charge with the EEOC is to provide the

Commission an opportunity to investigate and attempt a resolution of the

controversy through conciliation before permitting the aggrieved party to pursue a

lawsuit."  *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).  Thus, "[a]s a

general rule, a complainant must file a charge against a party with the EEOC

before [he] can sue that party" under either Title VII or the ADA.  *Sedlacek v.

Hach*, 752 F.2d 333, 336 (8th Cir. 1985); *see also Voss v. Housing Auth. of the

City of Magnolia, Ark.*, 917 F.3d 618, 623 (8th Cir. 2019) ("The ADA requires a

plaintiff to file a complaint with the EEOC before filing a suit in federal court.").

And given the notice requirement and the conciliatory purpose of the

administrative process, a complainant's lawsuit cannot include for the first time

entirely new allegations that were not made in the Charge of Discrimination.  Such

claims must be dismissed for failure to exhaust administrative remedies.  *Mayes v.

Reuter*, No. 4:17 CV 2905 CDP, 2018 WL 2267905, at *6 (E.D. Mo. May 17,

2018) (citing *Richter*, 686 F.3d at 850-53).[3]

Webb alleges in his amended complaint and in response to defendant's motion that he filed a Charge of Discrimination with the EEOC.  But he does not provide the date upon which he filed the Charge or the bases of discrimination asserted therein.  And because he did not submit a copy of his EEOC Charge with his amended complaint, I am unable to discern whether the precondition to filing his employment discrimination claims under Title VII or the ADA has been met in this case, including whether defendant was given notice of the claims.  I will therefore order Webb to submit a copy of his EEOC Charge of Discrimination to this Court.

Moreover, a plaintiff bringing an employment discrimination action under Title VII or the ADA must bring the action within ninety days from receipt of the Notice of Right to Sue.  42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a).  The ninety-day period represents a limitations period that bars a suit not filed within that time.  *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018).  "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC."  *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989).  The presumption is that the plaintiff will receive notice three days after the mailing

---

[3] The FMLA does not contain an exhaustion requirement for actions brought against private sector employers.  *See Krohn v. Forsting*, 11 F. Supp. 2d 1082, 1085 (E.D. Mo. 1998).

date.  *Hales*, 886 F.3d at 736.

Here, the Notice of Right to Sue Webb submitted with his original complaint is dated May 24, 2021.[4]  Presuming Webb received the Notice three days later on May 27, he had ninety days thereafter, that is, until August 25, 2021, to bring a federal action based on his Charge of Discrimination.  Webb filed this action on August 27.  In response to defendant's motion, Webb equivocates as to when he actually received the Notice.  He first states that the EEOC advised him that Notices were mailed during the pandemic only upon request.[5]  He then states that he requested the Notice but that additional time should be added to the period within which to file his claims because it would have taken at least four days for the Notice to be sent through the United States Postal Service.  He then states that the Notice included a wrong address for him, and that he should be allowed additional time to file for that reason as well.

As stated above, the Notice indicated Webb's address as "P.O. Box 36" whereas Webb indicated in his amended complaint that his address is "P.O. Box 35."  Notably, at least ten separate written communications from the Court – including time-sensitive Orders and letters from the Clerk – were mailed to Webb

---

[4] Although the September 7 Memorandum and Order directed him to do so, Webb did not attach a copy of his Notice of Right to Sue to the amended complaint.

[5] According to the EEOC website, the EEOC resumed issuing Notices of Right to Sue by mail on August 3, 2020.  *See* https://www.eeoc.gov/newsroom/eeoc-resumes-issuance-charge-closure-documents.

at the "P.O. Box 36" address, and none of them was returned to the Court as unable to be delivered or denoting an incorrect address. And the docket sheet shows that Webb complied with the deadlines imposed by the Orders that were mailed to him at the "P.O. Box 36" address. It thus appears that Webb is receiving mail that is sent to the P.O. Box 36 address. On this record, it is unclear what Webb's mailing address actually is and, most importantly, when Webb received the Notice of Right to Sue. I will therefore order Webb to file with the Court a notice of his correct mailing address. As further instructed below, I will also order Webb to include in a second amended complaint a sworn statement of when he first received the Notice of Right to Sue.

Finally, defendant is correct that the notes and documents attached to Webb's response to the instant motion as well as the new factual information contained in the response cannot be considered on its motion to dismiss. *Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). But a motion for more definite statement may be granted if "a pleading . . . is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). While motions under Rule 12(e) are disfavored, a defendant may nevertheless seek a more definite statement when the complaint fails to specify the allegations in a manner that provides sufficient notice, thereby preventing defendant from responding to it in good faith or without prejudice to itself.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); 5C Wright & Miller,

Federal Practice & Procedure:  Civil 3d § 1376 at 311.  The amended complaint

here, while it contains factual details giving rise to Webb's claims, fails to include

information necessary to determining whether Webb can proceed on his claims in

this lawsuit and whether defendant has sufficient notice to defend them.  In these

circumstances, ordering Webb to provide a more definite statement is appropriate.

Accordingly, I will provide Webb another opportunity to amend his

complaint and to comply with the Court's instructions in the September 7

Memorandum and Order that he fill out the Court-provided complaint form in its

entirety, follow the directions contained therein, attach a copy of his EEOC Charge

of Discrimination, and attach a copy of his Notice of Right to Sue letter.  I will also

order Webb to include a statement as to when he actually received the Notice of

Right to Sue letter.  Finally, I will order Webb to separately file a notice clarifying

his mailing address.

### Instructions on Submitting a Second Amended Complaint

Webb must prepare his second amended complaint using a Court-provided

form, and he must follow Rules 8 and 10 of the Federal Rules of Civil Procedure.

His pro se status does not excuse him from following the Federal Rules of Civil

Procedure or the Local Rules of this Court.  *See Ackra Direct Mktg. Corp. v.*

*Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

- 12 -

Rule 8 requires the plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Rule 10(a) requires the plaintiff to name all the parties to the case in the caption of the complaint.  Accordingly, in the "Caption" section of the form complaint, Webb should write the name of the defendant(s) he wishes to sue.  Rule 10(b) requires the plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  For example: "Count I:  Sexual Harassment, against defendant [name]."  Each count shall then set forth in separate, numbered paragraphs:  1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief Webb seeks for the claim (for example, money damages or equitable relief).  **Webb shall follow the same format with respect to each claim**.  For each claim, Webb shall not include any introductory paragraphs or facts not related to that specific claim.  Cross-referencing to other claims or other pleadings filed in this case, or assigning different highlighter colors to different facets of a claim is

not permitted.  In stating the facts of a claim, Webb must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known.  In other words, Webb must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct, that is, gender, age, disability, etc.

**Webb must also attach a complete copy of his EEOC Charge(s) of Discrimination <u>and</u> EEOC Notice(s) of Right to Sue.**  These documents will be considered a part of the complaint for all purposes.  Fed. R. Civ. P. 10(c).  If Webb completed only a Pre-Charge Inquiry and not a separate Charge of Discrimination, he shall so state and attach a complete copy of his Pre-Charge Inquiry.  Webb must also include a statement in his complaint of when he received the Notice of Right to Sue letter.  Without such a statement, the Court will presume he received the Notice three days after the EEOC issued it.

I will direct the Clerk of Court to provide Webb with another Employment Discrimination Complaint form, and I will give Webb twenty-one days from the date of this Memorandum and Order to file a second amended complaint on the form provided.  The second amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order.  Webb is

- 14 -

cautioned that the filing of the second amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

Finally, Webb shall separately file a notice with the Court clearly setting out his correct mailing address. This clarified mailing address will constitute Webb's address of record and the docket sheet will reflect it as such.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss or, in the Alternative, for More Definite Statement [23] is **GRANTED** to the extent defendant seeks a more definite statement and **DENIED without prejudice** to the extent defendant seeks to dismiss the amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail an Employment Discrimination Complaint form and a copy of this Memorandum and Order to plaintiff Terry A. Webb at the following two mailing addresses:

Terry A. Webb
P.O. Box 35
Smithton, IL  62285

Terry A. Webb
P.O. Box 36
Smithton, IL  62285.

**IT IS FURTHER ORDERED** that **within twenty-one (21) days of the**

- 15 -

**date of this Memorandum and Order**, plaintiff Terry A. Webb shall file a second amended complaint on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and with the instructions set forth in this Memorandum and Order.  **Failure to timely file a second amended complaint on the form provided or failure to comply with the instructions related to the filing of the second amended complaint may result in the dismissal of this action without prejudice.**

**IT IS FURTHER ORDERED** that **within twenty-one (21) days of the date of this Memorandum and Order**, plaintiff Terry A. Webb shall file a separate Notice to Court clearly setting out his correct mailing address.

**IT IS FINALLY ORDERED** that plaintiff's Motion for Hearing or Status Conference [34] is denied.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2022.