UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY A. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 CV 1085 CDP |
| | ) | |
| GKN AEROSPACE NORTH | ) | |
| AMERICA/MELROSE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Terry A. Webb brings this employment discrimination action claiming that defendant GKN Aerospace North America/Melrose, LLC failed to accommodate his disability and subjected him to sexual harassment, retaliation, and unlawful termination.  In his second amended complaint (SAC), he brings his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (Title VII); the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* (ADA); and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* (FMLA).  Because Webb's claims brought under Title VII and the ADA are untimely, I will grant GKN's motion to dismiss those claims from this lawsuit.  Webb has stated a plausible claim for relief under the FMLA, however, so I will deny GKN's motion to dismiss that claim.

## Relevant Background[1]

Webb was terminated from his employment at GKN on November 22, 2019. He completed an EEOC Pre-Charge Inquiry on November 7, 2019, claiming retaliation and that he was subjected to differing terms and conditions of employment.  That file was closed on December 2, 2019.  No Notice of Right to Sue issued.  Webb filed a formal Charge of Discrimination on April 28, 2021, alleging that GKN discriminated against him on account of his sex and in retaliation for engaging in protected activity.  The EEOC issued a Notice of Right to Sue on this Charge on May 24, 2021.  Webb does not indicate in his SAC when he received the Notice.[2]

Webb proceeds in this action pro se.  He filed his original complaint on August 27, 2021, and an amended "Employment Discrimination Complaint" on October 5, 2021.  After I granted GKN's motion for more definite statement, Webb filed his SAC on May 27, 2022.

---

[1] The facts set out here are those alleged in the SAC, which I must assume are true for purposes of the motion to dismiss.

[2] In a separate unsworn statement filed three weeks before filing his SAC, Webb avers that he received the Notice on August 3, 2021.  (*See* ECF 38.)  In my Order granting GKN's motion for more definite statement, however, I directed Webb to file a second amended complaint signed under penalty of perjury and to include therein a statement of when he received the Notice of Right to Sue.  (Memo. & Order, ECF 35, filed April 12, 2022, at p. 14.)  I cautioned that without such a statement, I would presume Webb received the Notice three days after the EEOC issued it.  (*Id.*)  Because Webb's unsworn statement does not comply with my April 12 Order, is not included in the SAC, nor is a document necessarily embraced by the pleading, I do not consider it on GKN's motion to dismiss.  *Cf. Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 697 n.2 (8th Cir. 2017) (statements raising new facts not alleged in the pleadings constitute matters outside the pleadings, which may not be considered on a Rule 12(b)(6) motion to dismiss).

In his SAC, Webb checked off boxes indicating that he was bringing claims under Title VII and the ADA.  He also checked "Other," describing his claims as "sexual harassment by a manager of GKN"; "refused to accommodate disability"; "treatment was different than of that others had"; "terminated and I wasn't above threshold."  (ECF 40 at p. 2.)  Regarding the nature of the case, Webb checked the following as providing the bases for his claims:  termination of his employment, failure to accommodate his disability, terms and conditions of his employment differed from those of similar employees, retaliation, and harassment.  (*Id.* at p. 4.) He checked the box indicating that he believed he was discriminated against because of his disability.  He delineated five counts for relief:  1) Sexual harassment; 2) Failure to accommodate disability; 3) Terms and conditions different from others; 4) Retaliation for filing harassment complaint with Human Resources; and 5) Harassment/Termination in violation of the terms of his approved FMLA leave.  (*Id*. at pp. 5-8.)  As relief, Webb seeks reinstatement with seniority and insurance; $400,000 representing three years' salary and overtime pay; recovery of his pension and 401K monies; an additional $400,000 for pain and suffering; and an additional $3 million for medical issues arising from chemical exposure.  (*Id.* at p. 9.)

GKN moves to dismiss the SAC in its entirety under Rule 12(b)(6), Federal Rules of Civil Procedure.  GKN argues that Webb's Title VII and ADA claims are

untimely filed and must be dismissed.  GKN also argues that Webb's FMLA claim fails to allege sufficient facts demonstrating that relief can be granted on the claim. Webb has not responded to the motion.

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint.  When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint are true and construe them in plaintiff's favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  It must contain sufficient factual matter, accepted as true, to state a claim for relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678.  It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim.  *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). A plaintiff's employment discrimination claims may be dismissed under Rule 12(b)(6) if he failed to exhaust administrative remedies in pursuing them.  *See*

*Hales v. Casey's Mktg. Co.*, 886 F.3d 730 (8th Cir. 2018); *Davis v. Lohr Distrib. Co., Inc.*, No. 4:18CV1437 HEA, 2019 WL 2053848 (E.D. Mo. May 9, 2019).

I give Webb's pro se complaint liberal construction.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (internal quotation marks and citation omitted).

## Discussion

Timely filing a Charge of Discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII and the ADA.  *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA has adopted Title VII's enforcement procedures).  *See also Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1846, 1850-51 (2019) (filing a charge with the EEOC, while not jurisdictional, is a precondition that must be met before bringing Title VII suit).  In Missouri, a complainant must file a Charge of Discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred.  *Niekamp v. Missouri*, No. 20-4075-CV-C-WJE, 2020 WL 5350293, at *3 (W.D. Mo. Sept. 4, 2020).

Moreover, a plaintiff bringing an employment discrimination action under

Title VII or the ADA must bring the action within ninety days from receipt of the

Notice of Right to Sue.  42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a).  The

ninety-day period represents a limitations period that bars a suit not filed within

that time.  *Hales*, 886 F.3d at 736.  "Generally, the ninety-day filing period begins

to run on the day the right to sue letter is received at the most recent address that a

plaintiff has provided the EEOC."  *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124

(8th Cir. 1989).  The presumption is that the plaintiff will receive notice three days

after the mailing date.  *Hales*, 886 F.3d at 736.

Webb's Charge of Discrimination of April 28, 2021, is well outside the 300-

day requirement, being seventeen months from when he was terminated, and is

therefore untimely.  Nothing in Webb's SAC shows that equitable tolling applies.

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Miller v. Runyon*, 32

F.3d 386, 389 (8th Cir. 1994).

Even if Webb's November 2019 Pre-Charge Inquiry may be considered

sufficient to constitute a Charge, and his April 2021 Charge of Discrimination and

May 2021 Notice of Right to Sue considered to relate back to the date of the

Inquiry, *see Donnelly v. St. John's Mercy Med. Ctr.*, 635 F. Supp. 2d 970, 990-91

(E.D. Mo. 2009), Webb nevertheless filed this lawsuit more than ninety days after

he is presumed to have received the Notice of Right to Sue letter.  The Notice of

Right to Sue Webb submitted with his SAC is dated May 24, 2021.  Presuming

Webb received the Notice three days later on May 27,[3] he had ninety days

therefrom, that is, until August 25, 2021, to bring a federal action based on his

Charge of Discrimination.  Webb filed this action on August 27.  Accordingly, if I

were to consider Webb's Charge of Discrimination as timely filed, this lawsuit is

not.  I will therefore dismiss Webb's Title VII and ADA claims from this action.

The FMLA, however, does not contain an exhaustion requirement for

actions brought against private sector employers.  *See Krohn v. Forsting*, 11 F.

Supp. 2d 1082, 1085 (E.D. Mo. 1998).  The FMLA entitles eligible employees of

covered employers to twelve workweeks of unpaid leave during any twelve-month

period under certain enumerated circumstances, including when the employee

suffers from "a serious health condition that makes the employee unable to

perform the functions" of his position.  29 U.S.C. § 2612(a)(1)(D).  The FMLA

prohibits an employer from interfering with, restraining, or denying an employee's

exercise of or attempt to exercise rights afforded to the employee by the statute.  29

U.S.C. § 2615(a)(1).  *See Walker v. Trinity Marine Prod., Inc.*, 721 F.3d 542, 544

(8th Cir. 2013) (citing *Pulczinski v. Trinity Structural Towers, Inc.,* 691 F.3d 996,

1005 (8th Cir. 2012)).

GKN argues that dismissal is appropriate because the SAC is unclear as to

whether Webb brings an "entitlement" claim, a "discrimination" claim, or a

---

[3] *See supra* note 2.

"retaliation" claim under the FMLA.  I note that in advocating for Rule 12(b)(6)

dismissal on this basis, GKN cites cases decided on evidence submitted to the

Court after completion of discovery.  *See Sisk v. Picture People, Inc.*, 669 F.3d

896, 898 (8th Cir. 2012) (judgment as a matter of law); *Pulczinski v. Trinity*

*Structural Towers, Inc.,* 691 F.3d 996 (8th Cir. 2012) (summary judgment).  But on

a Rule 12(b)(6) motion to dismiss, I look only to the complaint to see if a claim is

plausible on its face.  Liberally construing Webb's pro se complaint here, I

conclude that Webb's allegation of an FMLA violation is discernible, brought

within the proper legal framework, and is plausible on its face.

In his SAC, Webb claims that GKN forced him to work in an area where he

had medical restrictions.  He claims that he suffered medical issues from chemical

exposure and has facial scars.  He claims that he was approved for leave under the

FMLA and that his bosses "refused to accept it," wrote him up for refusing to work

in the restricted area, and continued to "charge [him] attendance points."  He

claims that he was terminated for attendance issues despite his FMLA threshold

having not been met.  He further contends that "Careworks," a third-party

company, reported that his FMLA leave was mismanaged and mistakes were

made.  (*See* ECF 40 at pp. 2, 5-7, 9.)  On these facts, Webb has plausibly alleged

that GKN interfered with, restrained, or denied his exercise of or attempt to

exercise his rights under the FMLA and indeed terminated him in violation of his

FMLA rights.  I will deny GKN's motion to dismiss Webb's FMLA claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant GKN Aerospace North America/Melrose, LLC's Motion to Dismiss Second Amended Complaint [43] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that plaintiff Terry A. Webb's claims brought under Title VII and the ADA are dismissed with prejudice as untimely filed.  Plaintiff's claim brought under the FMLA is permitted to proceed. Defendant is reminded of its obligation to answer the FMLA claim within the time set by the rules.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 19th day of September, 2022.